WILLIAM E. WESTERFIELD V. ADA MERCHANT ET AL.

[47 South. 434.]

TAXATION.  *Tax sale.  Redemption.  Suit in equity for.  Proof of title.*

A suit by the heirs of a person to whom the land was assessed to redeem it from a tax sale made thereon after the death of their ancestor, will not be defeated for want of proof of his title to the land at the time of his death.

FROM the chancery court of Scott county.

HON. JAMES L. McCASKILL, Chancellor.

Miss Merchant and others, appellees, were complainants in the court below; Westerfield, appellee, was defendant there. From a decree in complainants' favor defendant appealed to the supreme court.  The facts are stated in the opinion of the court.

*O. R. Singleton,* for appellant.

The statute only gives the right to redeem to the owner, or one acting for the owner.  Of course if a stranger to the title applies to the chancery clerk to redeem land sold for taxes the clerk has no right to inquire whether he be the owner or not, he having no way of ascertaining, and the redemption would enure to the benefit of the owner, but after the two years has expired and the deed delivered to the purchaser by the chancery clerk and has been recorded in the deed records, a different rule should govern the redemption.

Appellees elected to file a bill in the chancery court to redeem land which they claimed to be the owner of; but failed to show title and admitted that there was an outstanding paramount title to said land.

They should not be allowed to redeem unless they show title, the saving to the infant is to redeem his land, not the land of some one else.  *Wilson v. Sykes,* 57 Miss. 617, 7 South. 492.

*McIntosh Brothers,* for appellees.

There is no question under the law of this state but that Mrs. Merchant could have, within two years after the sale was made, redeemed this land without exhibiting a perfect record title. Nor, can it be said that she could make a redemption within the two years period without proving her ownership, but that her infant children who inherited this land together with every benefit, right and incident thereto, shall be hindered with the disadvantage of being required to exhibit to a court of equity, their record title before they will be permitted to make this redemption.

All of the requirements in regard to the assessment, advertisement and sale of land for taxes, require that the land should be assessed to the owner, should be advertised and sold in the name of the owner, which in this case was done, as will be shown by the tax collector's deed to the defendant.

It is not competent for complainants to draw into controversy the validity of the title of the redemptionist, nor can he defeat the effect of the redemption by showing an outstanding paramount title. *Jamison v. Thompson,* 65 Miss. 519, 5 South. 107.

CALHOON, J., delivered the opinion of the court.

Mrs. Merchant died on November 12, 1896. At the time of her death she was assessed with the lands in controversy here as the owner. Subsequently to her death, and on March 7, 1898, this land was sold to Westerfield, the appellant here, for unpaid taxes. Mrs. Merchant left three children, who were infants at the date of her death, and were also infants at the time of the filing of this bill. Of course, these infants, under Ann. Code 1892, § 3823, being the same as Code 1906, § 4338, had two years in which to redeem after they arrived at the age of majority. These infants, by their next friend, filed their bill for redemption, and for writ of possession, and to cancel Westerfield's tax title, and they make a tender of the redemption

money. The bill expressly states that the ancestor, Mrs. Merchant, could not deraign title from the government on down, but that she was in possession, under a deed. This deed complainants produced, although they were under no legal obligation to do so. The chancery court decreed in conformity with the prayer of the bill of these minors.

The only defense is that complainants did not show title from the government down. This is a misapplication of a familiar legal principle in other cases, but which has nothing to do with the matter before us. The land having been assessed to Mrs. Merchant, and that being shown, and Westerfield claiming under a tax conveyance of the land as assessed to her, and the minors claiming as her heirs, they were under no necessity to go further back than the tax conveyance. That, in this case, is analagous to a common source of title, and the heirs of the person to whom the land was assessed when sold for taxes had the right to redeem.

*Affirmed.*